UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DIANNE WEEKS                        CIVIL ACTION NO. 6:15-CV-02653

VERSUS                              JUDGE WALTER

U.S. COMMISSIONER, SOCIAL           MAGISTRATE JUDGE HANNA
SECURITY ADMINISTRATION

## REPORT  AND  RECOMMENDATION

Currently pending before the Court is the motion to dismiss under Fed. R. Civ.

P. 12(b)(1) or alternative motion for summary judgment (Rec. Doc. 11), which was

filed by the defendant, the Commissioner of the Social Security Administration.  The

motion was not opposed.  The motion was referred to the undersigned for review,

report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and

the standing orders of this Court.  For the following reasons, it is recommended that

the defendant's alternative motions be granted in part and denied in part and this

matter be dismissed in its entirety.

## BACKGROUND

In her complaint, plaintiff Dianne Weeks alleged that she applied for Social

Security disability benefits in November 2009, that her application was denied on

initial review, that her application was denied again by an Administrative Law Judge,

and that review was declined by the Appeals Council in April 2012.  The plaintiff

alleged that, starting in July 2013, she sought to have the November 2009 claim reopened.  She detailed communications with various administrative offices that occurred between July 2013 and September 2015, when the Appeals Council found no reason to reopen the April 2012 decision.

The Commissioner established the following facts, which are consistent with those alleged in the complaint,[1] by submitting the affidavit of Roxie Rasey Nicoll, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration.[2]  The plaintiff filed an application for Social Security disability benefits on November 12, 2009, seeking a period of disability and disability insurance benefits under the Social Security Act and alleging that she became disabled on December 1, 2008 due to impairments including but not limited to coronary artery disease, hypertensive cardiovascular disease, and arthritis.  An administrative law judge issued an unfavorable decision on January 21, 2011, following a hearing held on November 30, 2010.  The plaintiff requested review of that decision, but her request was denied by the Appeals Council on April 26, 2012.  On January 22, 2015,

---

[1]        As the Commissioner noted in the memorandum supporting the instant motion, there are some discrepancies in the dates cited by the plaintiff in her complaint.  See Rec. Doc. 11-1 at n. 2, 3.  But those discrepancies are immaterial.

[2]        Rec. Doc. 11-2.

the plaintiff requested reopening of the hearing decision for good cause.   On September 3, 2015, the Appeals Council denied her request for reopening.   On November 6, 2015, the plaintiff filed the instant lawsuit.

In her complaint, the plaintiff asserted four claims – a claim for review under 42 U.S.C. § 405(g), a claim for adjudication under 5 U.S.C. § 554, a mandamus claim under 28 U.S.C. § 1361, and a due process claim under the Fifth and Fourteenth Amendments to the United States Constitution – all based on allegations that the Commissioner failed to develop the record, failed to afford her a hearing, and failed to evaluate newly submitted, material evidence.

The defendant responded to the complaint by filing the instant motion to dismiss or alternative motion for summary judgment, requesting that the court dismiss the plaintiff's complaint either because the court lacks subject-matter jurisdiction or because the complaint was not timely filed.   The motion was set for oral argument, and the plaintiff was advised that a brief opposing the motion was to be filed not later than twenty-one days following service of the motion.  (Rec. Doc. 12).   The plaintiff did not file a timely response to the defendant's motion.

<u>**ANALYSIS**</u>

## I.   <u>THE STANDARD FOR EVALUATING A RULE 12(B)(1) MOTION</u>

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction.  "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim."[3]  The party asserting jurisdiction bears the burden of proof when a Rule 12(b)(1) challenge has been asserted.[4]  In this case, the plaintiff must bear that burden because she contended, in her complaint, that this court has subject-matter jurisdiction.[5]

There are two types of Rule 12(b)(1) challenges to subject-matter jurisdiction: facial attacks and factual attacks.[6]  When a facial attack is made, the court assumes that the allegations contained in the complaint are true.  "If those allegations sufficiently allege a claim for recovery the complaint stands and the federal court

---

[3]      *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 668 F.3d 281, 286 (5th Cir. 2012) (internal quotation marks omitted) (quoting *Home Builders Ass'n, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

[4]      *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[5]      Rec. Doc. 1 at 1.

[6]      *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

must entertain the suit."[7]  "A factual attack on the subject matter jurisdiction of the court, however, challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered."[8]

In this case, the defendant's motion presents a factual challenge to the court's subject-matter jurisdiction over this action.  When examining a factual challenge to subject-matter jurisdiction that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[9]  Accordingly, the court may consider matters outside the pleadings, such as testimony and affidavits.[10]  The court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[11]  "The existence of

_____

[7]      *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 286 (N.D. Tex. 2012), citing *Paterson v. Weinberger*, 644 F.2d at 523.

[8]      *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).

[9]      *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012) (quotation marks and citations omitted).

[10]      *Irwin v. Veterans Administration*, 874 F.2d 1092, 1096 (5th Cir. 1989).

[11]      *Davis v. United States*, 597 F.3d at 649-50, citing *Lane v. Halliburton*, 592 F.3d 548, 557 (5th Cir. 2008); *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[12]

A complaint should be dismissed for lack of subject-matter jurisdiction when "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."[13]  In response to a factual challenge, the plaintiff – as the party seeking to invoke jurisdiction – must "submit facts through some evidentiary method and. . . prov[e] by a preponderance of the evidence that the trial court does have subject matter jurisdiction."[14]

## II.   THE STANDARD FOR EVALUATING A MOTION FOR SUMMARY JUDGMENT

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

---

[12]     *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[13]     *Davis v. United States*, 597 F.3d at 649, quoting *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009).

[14]     *Paterson v. Weinberger*, 644 F.2d at 523.

applicable governing law.[15]   A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[16]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[17]   If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[18]   All facts and inferences are construed in the light most favorable to the nonmoving party.[19]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

[15]     *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[16]     *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[17]     *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[18]     *Washburn v. Harvey*, 504 F.3d at 508.

[19]     *Brumfield v. Hollins*, 551 F.3d at 326, citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

claim.[20]   The motion should be granted if the nonmoving party cannot produce

evidence to support an essential element of its claim.[21]

## III.   THE CLAIM FOR REVIEW OF THE COMMISSIONER'S APRIL 2012 DECISION

The plaintiff's first claim appears to be a claim for judicial review of the

Commissioner's decision of April 26, 2012.  A Social Security claimant's right to

seek judicial review of an adverse decision is governed by 42 U.S.C. § 405(g), which

creates the sole avenue for judicial review of claims arising under the Social Security

Act.  That statute reads as follows, in pertinent part:

> Any individual, after any final decision of the
> Commissioner of Social Security made after a hearing to
> which he was a party, irrespective of the amount in
> controversy, may obtain a review of such decision by a
> civil action commenced within sixty days after the mailing
> to him of notice of such decision or within such further
> time as the Commissioner of Social Security may allow.

Section 405(g) provides the exclusive basis for review of a final decision by the

Commissioner, stating:  "No findings of fact or decision of the Commissioner of

Social Security shall be reviewed by any person, tribunal, or governmental agency

except as herein provided."  The term "final decision" is not defined in the Social

---

[20]     *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520
F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[21]     *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

Security Act, and the meaning of that term was left to be clarified in the Social

Security regulations.[22]   The Fifth Circuit explained the regulatory process leading up

to a final decision as follows:

> The Secretary has established a regulatory system for
> administrative review, leading up to a final decision that
> may then be appealed to the district court.  The process is
> begun when an individual files a claim with the SSA for
> benefits.  This claim is either granted or denied, creating an
> initial determination.  Next, the claimant must file a request
> for and receive a reconsideration.  The Secretary reviews
> the claim again, and then issues a reconsidered
> determination.  After obtaining the initial and reconsidered
> determinations, a dissatisfied claimant may file for an
> evidentiary hearing before an ALJ.  If the claimant objects
> to the subsequent decision, he or she may appeal the ALJ's
> determination to the Appeals Council.   The decision
> rendered at the initial, reconsideration, and ALJ stage is
> binding on the claimant unless further administrative
> review with the Appeals Council is sought within 60 days.
> These four steps exhaust the claimant's administrative
> remedies.
>       Following this exhaustion of the administrative
> remedies with a final decision being rendered by the
> Appeals Council, judicial review may be sought in the
> district court.[23]

In this case, the affidavit submitted by the defendant establishes that all four

necessary steps were completed with regard to the plaintiff's 2009 application for

---

[22]   *Brandyburg v. Sullivan*, 959 F.2d 555, 559 (5th Cir. 1992).

[23]   *Harper by Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir. 1987) (internal citations omitted).

Social Security benefits.  When the Appeals Council denied review in April 2012, the Commissioner's decision became final, and the plaintiff then had sixty days to seek judicial review.  There is no evidence that the plaintiff sought judicial review within the sixty-day window, and her complaint does not allege that she is entitled to tolling of the sixty-day deadline.  There are no material facts in dispute regarding this claim, and the defendant is entitled to summary judgment in its favor.  Accordingly, it is recommended that the defendant's motion for summary judgment should be granted with regard to this claim.

It is also recommended that the defendant's Rule 12(b)(1) motion be denied with regard to this claim.  The Fifth Circuit has held, in accordance with similar United States Supreme Court rulings, that the timeliness requirement set forth in Section 405(g) is a statute of limitation rather than a bar to jurisdiction.[24] Accordingly, a Rule 12(b)(1) motion is not an appropriate procedural vehicle for raising the issue of whether review of a final decision was timely under Section 405(g).[25]

---

[24]   *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975); *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976); *Bowen v. City of N.Y.*, 476 U.S. 467, 478 (1986); *Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000); *Triplett v. Heckler*, 767 F.2d 210, 211 (5th Cir. 1985).

[25]   See, e.g., *Ryan v. Colvin*, No. 4:14-CV-676-CAN, 2015 WL 7734124, at *1 n. 1 (E.D. Tex., Nov. 30, 2015); *Lambert ex rel. Barnes v. Colvin*, No. 14-1204, 2015 WL 918817, at *3 (W.D. La., Mar. 3, 2015); *Groom v. Colvin*, No. 3:14-cv-472-BN, 2014 WL 4327907, at *1 (N.D. Tex., Aug. 29, 2014); *Toston v. Colvin*, No. 13-2767, 2014 WL 970176, at *2 (W.D. La., Mar. 12, 2014);

## IV.   THE CLAIM FOR REOPENING THE COMMISSIONER'S APRIL 2012 DECISION

The allegations set forth in the plaintiff's complaint may be construed as a request for judicial review of the Commissioner's decision not to reopen the April 2012 decision.  A final decision of the Commissioner may be reopened within twelve months of the date of the notice of the final determination for any cause; within four years upon a showing of good cause; and at any time for a litany of reasons not implicated in this case.[26]  In her complaint, the plaintiff alleged that, starting on July 1, 2013 and continuing through January 22, 2015, she made numerous requests to reopen the matter that ended in April 2012 with a final decision denying her claim. Since the requests were made less than four years after the date of the final decision, the requests to reopen were timely if the plaintiff had good cause for the requests.  On September 3, 2015, however, the Appeals Council denied the plaintiff's request for review of the decision not to reopen the case.

The Social Security regulations expressly state that the denial of a request to reopen a determination or a decision is not subject to judicial review.[27]  More important, federal courts generally lack jurisdiction to review an administrative

---

*Jefferson v. Astrue*, No. 11-2073, 2012 WL 1118639, at *1 (E.D. La., Feb. 28, 2012).

[26]     20 C.F.R. §§ 404.987, 404.988.

[27]     20 C.F.R. § 404.903(l).

-11-

decision not to reopen a previous claim for benefits.[28]    Accordingly, this Court recommends that, to the extent the plaintiff's complaint is construed as having stated a claim for judicial review of the Commissioner's decision not to reopen the April 2012 decision, the defendant's Rule 12(b)(1) motion should be granted and the claim should be denied for lack of subject-matter.

Having found that the court lacks jurisdiction over the plaintiff's claim for reopening of the April 2012 decision, the plaintiff's motion for summary judgment will not be considered with regard to that claim.    Absent subject matter jurisdiction, a federal district court can take no action whatsoever.    "Without jurisdiction the court cannot proceed at all in any cause."[29]    Therefore, it is recommended that the motion for summary judgment be denied as moot with regard to this claim.

---

[28]      *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977); *Collins v. Colvin*, No. 15-41518, 2016 WL 1578802, at *1 (5th Cir. Apr. 19, 2016); *Thibodeaux by Thibodeaux v. Bowen*, 819 F.2d 76, 80 (5th Cir. 1987); *Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986).

[29]      *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998), quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).  See, also, e.g., *Williams v. Liberty Mutual Ins. Co.*, No. 04–30768, 2005 WL 776170, at *3 (5th Cir. Apr. 7, 2005); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994,1000 (5th Cir. 2000); *Bacani v. Dep't of Veterans Affairs*, 216 F.3d 1080, 1080 (5th Cir. 2000) (holding that because the district court lacked subject matter jurisdiction, it did not err in denying other pending motions as moot).

## V.   THE DUE PROCESS CLAIM

There is an important exception to the general rule that federal courts have no subject-matter jurisdiction over a plaintiff's claim to reopen a final decision of the Commissioner.  Federal courts do have subject-matter jurisdiction over a complaint seeking to reopen an administrative decision if a colorable constitutional claim is asserted in the complaint.[30]  However, asserting such a claim requires more than merely alleging a denial of due process.[31]  As the Fifth Circuit said: "[i]f the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the Secretary would be reviewable by the inclusion of the [magic] words. . . ."[32]  A colorable claim is one with some merit that is not wholly insubstantial or frivolous and not made solely for the purpose of obtaining jurisdiction.[33]  "A claimant must make a colorable claim of constitutional

---

[30]     *Torres v. Shalala*, 48 F.3d 887, 890 (5th Cir. 1995); *Robertson v. Bowen*, 803 F.2d at 810.

[31]     *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Robertson v. Bowen*, 803 F.2d at 810.

[32]     *Robertson v. Bowen*, 803 F.2d at 810 (quoting *Holloway v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir.), cert. denied, 467 U.S. 1217 (1984)).

[33]     *Valdez v. Astrue*, No. 3:11-CV-883-K-BK, 2011 WL 5525751, at *2 (N.D. Tex. Oct. 17, 2011), recommendations adopted, 2011 WL 5529806 (N.D. Tex. Nov. 11, 2011), citing *Koerpel v. Heckler*, 797 F.2d 858, 863 (10th Cir. 1986) (to rise to the level of a colorable constitutional claim, the constitutional issue must have "some merit," not be "wholly insubstantial or frivolous," and not "clearly appear[ ] to be immaterial and made solely for the purpose of obtaining jurisdiction") (quoting *Boettcher v. Secretary of Health and Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985)).

violation to vest a court with jurisdiction to review a refusal to reopen. . . by the Administration."[34]

In this case, the plaintiff alleged that she was denied due process under the Fifth and Fourteenth Amendments to the United States Constitution because the Commissioner failed to adjudicate her claim after the issuance of its final decision "including but not limited to reviewing new, material evidence and providing her and her counsel reasonable notice and an opportunity to appear at a hearing." (Rec. Doc. 1 at 4). The plaintiff's own allegations are inconsistent. While she alleges that the Commissioner failed to adjudicate her claim, it is undisputed that, in September 2015, the Appeals Council issued a ruling in which it stated:

> The Council has now received a request for reopening an more evidence. . . . We found no reason under our rules to reopen and change the decision. . . . Under our rules, you do not have the right to court review of our denial of your request for reopening.[35]

Thus, the Commissioner did adjudicate the plaintiff's claim.

The plaintiff is correct, however, that she was not afforded an opportunity to have a hearing with regard to her request for reopening her claim. But she was not entitled to such a hearing. The Social Security Act does not guarantee a petitioner a

---

[34]     *Martin v. Barnhart*, 48 Fed. App'x 916, 916 (5th Cir. 2002).

[35]     Rec. Doc. 11-2 at 45.

hearing on a request to reopen a prior final decision and there is no requirement in the Social Security regulations that a hearing be held in connection with a request for reopening a prior decision.[36]  Rather, when considering a request to reopen a final decision, "both the relief sought by the claimant and the grant of a hearing [are] discretionary."[37]

Accordingly, this Court finds that the plaintiff failed to assert a colorable constitutional claim in her complaint.  She alleged that she was deprived of her due process rights, but she did not – and cannot – allege any factual support for that claim since she had no right to a hearing with regard to her request for reopening the Commissioner's final decision.  Because the plaintiff failed to make a colorable claim for constitutional deprivation, this court lacks jurisdiction to review the Commissioner's decision not to reopen her case, the Commissioner's Rule 12(b)(1) motion should be granted with regard to the plaintiff's claim to reopen, and this claim should be dismissed.

Having found that the court lacks jurisdiction over the plaintiff's due process claim, the plaintiff's motion for summary judgment will not be considered with regard

---

[36]      *Brandyburg v. Sullivan*, 959 F.2d at 560.

[37]      *Brandyburg v. Sullivan*, 959 F.2d at 560. See, also, 42 U.S.C.§ 450(b); *Jacobs v. U.S. Commissioner of Social Sec.*, No. 1:14-cv-00945, 2015 WL 1208347, at *2 (W.D. La., Mar. 10, 2015).

to that claim, and it is recommended that the motion for summary judgment be denied as moot with regard to the plaintiff's Constitutional claims.

## VI.   THE ADMINISTRATIVE PROCEDURE ACT CLAIM

The plaintiff alleged in her complaint that the Commissioner failed to properly adjudicate her claim under the Administrative Procedure Act ("the APA") and particularly 5 U.S.C. § 554, which sets forth certain requirements for agency determinations.  However, the APA does not create an independent basis for subject-matter jurisdiction permitting federal courts to review agency actions.[38]  Furthermore, the APA does not apply when an agency has discretion to act.[39]  As noted above, the procedures set forth in the Social Security regulations were followed with regard to the plaintiff's 2009 claim, and the Commissioner had discretion to review the plaintiff's requests for reopening the claim as well as discretion to afford her a hearing with regard to that request.  Therefore, the APA does not apply.

Accordingly, this Court finds that the APA does not provide the plaintiff with an alternative basis for subject-matter jurisdiction, that the APA does not provide an alternative procedure for resolving the plaintiff's original disability claim or her more specific request for reopening that claim, that there are no material facts in dispute,

---

[38]   *Califano v. Sanders*, 430 U.S. at 107.

[39]   *Broadway v. Block*, 694 F.2d 979, 986 (5th Cir. 1982)

and that the defendant is entitled to summary judgment in its favor with regard to the

plaintiff's APA claim.  Having found that the defendant's motion for summary

judgment should be granted with regard to the plaintiff's APA claim, this Court will

not consider the defendant's motion to dismiss this claim and recommends that, with

regard to this claim, the motion to dismiss should be denied as moot.

## VII.  THE MANDAMUS CLAIM

The plaintiff asserted a mandamus claim, seeking to require the Commissioner

to "perform its non-discretionary duty to Plaintiff to adjudicate the claim including

but not limited to reviewing new, material evidence and providing her and her

counsel reasonable notice and an opportunity to appear at a hearing."  (Rec. Doc. 1

at 4).

> The Mandamus Act vests district courts with original
> jurisdiction over any action in the nature of mandamus to
> compel an officer or employee of the United States or any
> agency thereof to perform a duty owed to the plaintiff.
> Mandamus is an appropriate remedy only when the
> plaintiff's claim is clear and certain and the duty of the
> officer is ministerial and so plainly prescribed as to be free
> from doubt.  Thus, mandamus is not available to review the
> discretionary acts of officials.[40]

---

[40]    *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (internal footnote signals
and quotation marks omitted).

-17-

Although the plaintiff alleged that the Commissioner failed to perform nondiscretionary duties, she did not identify those duties or the source of the duties. To have standing under the Mandamus Act, a plaintiff must establish that a duty is owed to him, and any duty owed to the plaintiff must arise from either a statute or from the United States Constitution.[41]

Finally, as noted above, the Commissioner has discretion to reopen a claim and discretion to permit a hearing in connection with the reopening of a claim. Therefore, the plaintiff has failed to prove that she is entitled to mandamus relief.

Accordingly, this Court finds, with regard to the plaintiff's mandamus claim, that there are no material issues in dispute, the defendant is entitled to summary judgment in its favor, and the defendant's motion for summary judgment should be granted. Having recommended granting of the motion for summary judgment with regard to this claim, this Court declines to consider the defendant's motion to dismiss with regard to this claim and recommends that, in this context, it be denied as moot.

<u>CONCLUSION</u>

For the reasons set forth above, it is recommended that the pending alternative motions (Rec. Doc. 11) be resolved as follows:

---

[41]     *Giddings v. Chandler*, 979 F.2d at 1108.

-18-

(1)    It is recommended that the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be granted with regard to the plaintiff's claim for judicial review of the Commissioner's decision not to reopen her Social Security disability claim and also with regard to the plaintiff's claim for alleged violations of her constitutional due process rights;

(2)    It is recommended that the defendant's motion for summary judgment be granted with regard to the plaintiff's claim for judicial review of the Commissioner's April 2012 ruling, the plaintiff's APA claim, and the plaintiff's mandamus claim;

(3)    It is recommended that, in all other respects, the pending motion for dismissal under Rule 12(b)(1) and alternative motion for summary judgment be denied; and

(4)    Having recommended that either the motion to dismiss or the motion for summary judgment be granted with regard to each of the plaintiff's claims, it is further recommended that this matter be dismissed in its entirety.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 20th  day of June 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-20-